UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 13-10899-tmd |
| | § | |
| Golden Prizm Inc. | § | Chapter 11 |

**MOTION PURSUANT TO 11 U.S.C. § 363 FOR AUTHORITY TO USE, SELL, OR LEASE CASH COLLATERAL IN THE ORDINARY COURSE AND PROVIDE ADEQUATE PROTECTION**

TO THE HONORABLE JUDGE OF SAID COURT:

**Golden Prizm Inc.** ("Debtor"), Debtor in the above-styled and referenced case, hereby files this Motion Pursuant to 11 U.S.C. § 363 for Authority to Use, Sell, or Lease Case Collateral in the Ordinary Course and Provide Adequate Protection (the "Motion") and in support thereof respectfully states the following:

**I. Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference of the United States District Court for the Western District of Texas. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

**II. Background**

2. Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*, (the "Bankruptcy Code") on May 7, 2013 (the "Petition Date"). Debtor is operating a business and managing its assets as a debtor-in-possession under Bankruptcy Code § 1107 and 1108. This Court has Brian Hinault as the trustee for this case. An official committee has not been established in this bankruptcy case.

3. Debtor has been in the business of owning and operating a convenience store.

4. Debtor is indebted to the following parties who may claim an interest in Cash Collateral:

a. American Bank of Commerce, a secured creditor, has a claim in the amount of $606,449.43 as of the petition date. Its claim is secured by a lien upon the Debtor's real property.

b. Small Business Administration, a secured creditor, has a claim in the amount of $400,000.00 as of the petition date. Its claim is secured by a lien upon the Debtor's real property.

### III. Arguments and Authorities in Support of Request for Temporary and Final Use of Cash Collateral

5. Under 11 U.S.C. § 363(c)(2) the Debtor may not use, sell, or lease the Cash Collateral without the Court's authority or consent. Section 363(e) allows the Court to grant this authority upon the provision of adequate protection to the secured parties.

6. Debtor requires the continued authority to use Cash Collateral in order to preserve the value of assets and its business and to confirm a plan of reorganization as quickly as possible. Debtor's need to use the Cash Collateral will continue during the pendency of this bankruptcy case.

7. Approval for the use of the Cash Collateral is consistent with (i) Bankruptcy Code requirements for maintaining the going concern of a debtor's business operations; (ii) the law under 11 U.S.C. §§ 363 and 361 as to the use of cash collateral and adequate protection; and (iii) facilitating a successful reorganization under chapter 11 of the Bankruptcy Code.

8. The failure to authorize the immediate use of Cash Collateral on which the secured parties hold liens will result in a swift and significant deterioration of the value Debtor's business and the underlying assets.

9. Section 361 of the Bankruptcy Code sets forth various type of adequate protection which Debtor may provide:

   (a) making periodic cash payments to the extent that the creditor suffers a decrease in the value of interest in such property;

   (b) granting replacement liens in collateral to compensate the creditor for any decrease in the value of the creditor's interest in such property; or

   (c) granting other relief as will result in the realization of the indubitable equivalent of the creditor's interest in collateral

10. Debtor believes that the substantial equity in its assets provides adequate protection to the secured creditors.

### IV. Request for Emergency Hearing

Debtor requests that the Court schedule an emergency hearing on the Motion.

### Prayer

WHEREFORE, Debtor requests that the Court authorize the use of Cash Collateral with the adequate protection to the secured parties as set forth herein; and grant any other further relief to which Debtor is entitled.

Dated: May 8, 2013.

Respectfully submitted

/s/Jerry Rios
Jerry Rios
Attorney for Debtor
Law Office of Jerry Rios
4611 Bee Caves Road, Suite 216
Austin, Texas 78746
Phone: (512) 501-6270
Fax: (512) 501-6292
Email: jrios@therioslawfirm.com

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on May 8, 2013, a true and correct copy of the above document was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (b).

                                                              /s/Jerry Rios
                                                              Jerry Rios

American Bank of Commerce
c/o Rick Chapa
2201 Ben White Blvd.
Austin, TX 78704

Small Business Administration
P.O. Box 740192
Atlanta, GA 30374